UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIBERTY MUTUAL INSURANCE CO.,

                          Plaintiff,

               v.

STERLING INSURANCE CO.,

                          Defendant.

**MEMORANDUM AND ORDER**
19-CV-3374 (LDH)(CLP)

LASHANN DEARCY HALL, United States District Judge:

      Plaintiff Liberty Mutual Insurance Company brings the instant action against Defendant Sterling Insurance Company for a declaratory judgment: (1) requiring Defendant to provide primary insurance coverage for a third party in an underlying state court case (the "Underlying Action"); and (2) ordering a money judgment against Defendant for Plaintiff's litigation costs in the Underlying Action. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a required party, or alternatively for an order requiring that Plaintiff join several third parties.

## BACKGROUND[1]

      At a live music concert on July 29, 2018, Elliot Braha got into an altercation with Ryan Morales ("Ryan"), a non-verbal autistic man.[2] (Compl. ¶ 9, ECF No. 1; Brian Hayes Aff. Supp. Def.'s Mot. Join Req'd Parties Alt. Dismiss Compl. ("Hayes Aff.") ¶ 9, Ex. F at 3, ECF No. 14-1.) On August 23, 2018, Leonardo Morales ("Morales"), as legal guardian of Ryan, commenced

---

[1] "When reviewing a motion to dismiss under Rule 12(b)(7), the Court may consider documents and facts outside the pleadings." *Dumann Realty, LLC v. Faust*, 267 F.R.D. 101, 101 n.1 (S.D.N.Y. 2010) (citing *Continental Kraft Corp. v. Euro–Asia Development Group, Inc.*, No. 97 CV 0619, 1997 WL 642350, at *6 (E.D.N.Y. Sept. 8, 1997)). Accordingly, the following facts are taken from the complaint and exhibits submitted by the parties.
[2] The complaint alleges that the altercation occurred in 2019; however, this appears to be a typo.

an action (the "Underlying Action") in the Supreme Court of the State of New York, Kings County. (Compl. ¶ 7; *see* Hayes Aff., Ex C.) The original complaint in the Underlying Action lodged claims against Live Nation Inc. and Braha. (Hayes Aff., Ex. C.) On December 17, 2018, Morales filed an amended complaint in the Underlying Action, adding Live Nation Worldwide Inc. as a defendant. (Brian Casey Aff. Reply Opp. Mot. Join Req'd Parties Alt. Dismiss. Compl. ("Casey Aff."), Ex. A, ECF No. 17.) On December 19, 2018, Morales signed a stipulation of discontinuance with prejudice as to Live Nation, Inc., leaving Braha and Live Nation Worldwide Inc. as the remaining defendants. (Shafirstein Decl. ¶ 3, Ex. A, ECF No. 16.)

Plaintiff and Defendant are each insurers of Braha, with Defendant serving as Braha's primary insurer and Plaintiff serving as Braha's excess insurer. (Compl. ¶¶ 11, 20-21.) Defendant's policy provides: "We pay, up to our limit of liability, all sums for which any insured is legally liable because of bodily injury or property damage caused by an occurrence to which this coverage applies." (*Id.* ¶ 13; Hayes Aff., Ex. B at 12.) Plaintiff's policy provides: "We will pay all sums in excess of the retained limit and up to our limit of liability for damages because of an occurrence resulting in bodily injury, personal injury or property damage to which this policy applies and for which the insured is legally liable." (Compl. ¶ 22.)

By letter dated November 7, 2018, Defendant disclaimed liability coverage to defend or indemnify Braha in the Underlying Action, stating that "[t]he claim asserted against [Braha] does not arise out of an alleged occurrence or an accident" as defined by the insurance policy. (Hayes Decl., Ex. G at 3.) Defendant reiterated its disclaimer of coverage by letter on January 30, 2019. (Hayes Decl., Ex. I.) Because Defendant has declined to defend Braha in the Underlying Action, Plaintiff has provided Braha's defense. (Compl. ¶ 25.)

**DISCUSSION**

Defendant moves to dismiss Plaintiff's complaint on the ground that Plaintiff failed to join a required party pursuant to Federal Rule of Civil Procedure 19. (Mem. Law Supp. Def.'s Mot. Join Req'd Parties, Alt. Dismiss. Compl. ("Def.'s Mem.") 1, ECF No. 15.) In particular, Defendant moves to join Braha (the insured), Morales as guardian of Ryan (the injured), and Live Nation Worldwide Inc. (Braha's co-defendant in the Underlying Action).[3] (*Id.* 10.) "The party moving for dismissal for failure to join an indispensable party 'has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence.'"[4] *City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 353 (E.D.N.Y. 2008) (quoting *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 494 (S.D.N.Y. 2002)).

"Fed. R. Civ. P. 19 sets forth a two step inquiry for determining whether an action must be dismissed for failure to join an indispensable party." *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990). The first prong—Rule 19(a)—relates to whether joinder is feasible, and reads in relevant part:

> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[3] Live Nation Inc., which Defendant argues is a required party in its opening brief, is no longer a party in the Underlying Action. (Def.'s Mem. 9-10; Mem. Law Opp. Def.'s Mot. Join Parties Dismiss ("Pl.'s Opp.") 1 n.1, ECF No. 18.; Shafirstein Decl. ¶ 3, Ex. A.) In its reply, Defendant states that the arguments raised as to Live Nation Inc. are instead applicable to the Live Nation Worldwide Inc., which was added to the Underlying Action in an amended complaint. (Casey Aff. ¶ 4, 6; Casey Aff., Ex. A.) The Court has thus read Defendant's four sentences of argument related to Live Nation Inc. as applying to Live Nation Worldwide Inc.

[4] "[I]n a diversity case the question of joinder is one of federal law." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968); *see also Esposito v. Ocean Harbor Cas. Ins. Co.*, No. 13-CV-7073, 2013 WL 6835194, at *4 & n.4 (E.D.N.Y. Dec. 19, 2013) (quoting same and collecting out of circuit cases). The Court finds Defendant's cited New York state caselaw—which constitutes the bulk of its legal citations—to be irrelevant and declines to consider it. (*See* Def.'s Mem. 2-6.)

>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a); *see also Associated Dry Goods Corp.*, 920 F.2d at 1123 (detailing same). If Rule 19(a)'s standard is not met, joinder is not required and the Court need not analyze whether a party is indispensable under Rule 19(b). *Associated Dry Goods*, 920 F.2d at 1123. Plaintiff argues that Defendant has failed to satisfy its burden of demonstrating that the joinder of Braha, Morales, and Live Nation Worldwide Inc. is required under Rule 19(a). (Mem. Law Opp. Def.'s Mot. Join Parties Dismiss ("Pl.'s Opp."), 3 & n.1, ECF No. 18.)  The Court agrees.

**I.     Braha**

District courts around the country have held that "the insured need not be joined in a declaratory-judgment action between two insurers to determine their respective liability" for several reasons. *Ins. v. Mid-Century Ins. Co.*, No. 15-CV-8289, 2016 WL 4107690, at *3 (D.N.J. July 29, 2016) (collecting cases). *First,* the absence of the insured party does not prevent a court from according complete relief among the existing parties. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) ("Rule 19(a)(1)[(A)] is concerned only with those who are already parties."). For example, in *Evanston Ins. Co. v. Kinsale Ins. Co.*, the court held that the insured party was not a required party where defendant refused to defend the underlying action and plaintiff sought contribution from defendant for its share of the costs of defending the insured. No. 7:17-CV-327, 2018 WL 4103031, at *7 (S.D. Tex. July 12, 2018). The *Evanston* court reasoned that the plaintiff's suit sought "only a declaratory judgment regarding the duties of [the d]efendant," and thus the absence of the insured party "did not

4

prevent the Court from providing that relief." *Id.* So too here. Braha's absence from the litigation does not prevent the Court from according complete relief between the two insurers regarding their respective duties.

*Second*, the disposition of a declaratory action between two insurance companies does not "impair or impede" the insured's interest, where the insured will be defended no matter the outcome of the suit. For example, in *North American Hotels, Ltd. v. Home Indemnity Co.*, two insurers disputed which was "obligated to defend and indemnify [the insured company] in a state court action by a [company] employee for personal injuries." 112 F.R.D. 25, 26 (E.D. Pa. 1986). The district court held that the insured company was not a required party as it had "no interest in its defense by one carrier rather than the other" and that there was no substantial risk of prejudice to any party by the insured company's absence. *Id*. at 27; *see also Clarendon Nat. Ins. Co. v. United Fire & Cas. Co.*, No. 4:08-CV-00023, 2008 WL 1819915, at *2 (E.D. Ark. Apr. 22, 2008) ("Because an insured does not have an interest in the determination of which insurer is held liable as the primary insurer and which is liable as the excess insurer, [the insured] need not be made a party to such proceeding." (internal quotations omitted)); *Evanston,* 2018 WL 4103031, at *8 ("The record indicates that [the insured] will be defended no matter the outcome of this suit. Thus, even though a declaratory judgment would affect who would be providing [the insured]'s defense, as a practical matter [the insured]'s interest would not be impacted."). The same rationale applies here. Plaintiff is already providing a defense to Braha in the Underlying Action as his excess insurer. (Compl. ¶ 21, 25.) Braha has no interest in the specific identity of the insurer that defends or indemnifies him.

To this point, Defendant argues that "[a]lthough there has been no discovery in this action, it is likely that, given the underlying allegation of Mr. Braha's intentional conduct,

5

Liberty Mutual is defending Mr. Braha pursuant to reservation of rights that will permit Liberty Mutual to walk away from Mr. Braha." (Def.'s Mem. 6.) In other words, according to Defendant, there is a possibility that Plaintiff is at risk of being left undefended in the underlying suit. (*Id.*) To start, this argument is wholly speculative as Defendant has provided no evidence there is a reservation of rights letter, and instead asserts is that such a position is "not uncommon in tort litigation." (*Id.*) But even if Defendant could point to any evidence that such reservation of rights exists, Defendant does not direct the Court to a single case cite in support of its position. There is thus no factual or legal basis for the Court to conclude that Braha will not be defended and indemnified in the Underlying Action. Braha is not a required party under Rule 19(a)(1)(B)(i) as his ability to protect his rights will not be impaired by the outcome of this litigation.

*Third,* there is no substantial risk of multiple or inconsistent obligations if Braha is not joined. Defendant argues that if it prevails in this action, Braha "will simply file suit in New York state court and seek another declaration there." (Def.'s Mem. 8.) Defendant further argues in its reply that Plaintiff's failure to address this point in its opposition "strongly suggest[s] that [Plaintiff], in fact, issued a reservation of rights letter to Mr. Braha," which would reserve the right "to jettison Mr. Braha in the event of a determination that his conduct was intentional." (Reply Mem. Law Supp. Def.'s Mot. Join Req'd Parties, Alt. Dismiss. Compl. ("Def.'s Reply") 4, ECF No. 17-1.) This argument fails on several fronts. Defendant again is relying wholly on the existence of an imaginative reservation of rights letter. The allegation before the Court—uncontested by Defendant—is that Plaintiff is already providing Braha's defense in the underlying action. (Compl. ¶ 25.) On similar facts, the *Evanston* court found that the insured was not a required party. In *Evanston,* the court considered whether an insured needed to be

6

joined where both plaintiff and defendant-insurers initially agreed to contribute to the insured's defense, but defendant subsequently withdrew from the defense, disclaimed any duty to defend the insured, and plaintiff was left to provide the full defense for the insured. *Evanston,* 2018 WL 4103031, at *1, *3. On those facts, the *Evanston* court found that there was no basis to find that the insured "would have any reason to subject either Plaintiff or Defendant to a subsequent suit on this issue" and "a possible risk of litigation is not sufficient to find that a party is necessary under Rule 19." *Id.* at *8. Likewise, here, the insured is being defended in the Underlying Action. At best, Defendant has raised a possible risk of multiple or inconsistent obligations, not a substantial risk as contemplated by Rule 19(a)(1)(B)(2). Furthermore, it is Defendant's burden—as the 12(b)(7) movant—to produce evidence showing the nature of the interest possessed by Braha. Defendant has failed to meet its burden.

In support of its argument that Braha is a necessary party, the only federal case upon which Defendant relies is *Romano v. Am. States Ins. Co.*, 295 F. Supp. 3d 307, 315 (W.D.N.Y. 2017). (See Def.'s Mem. 5-6.) *Romano* is inapposite. There, the Court addressed whether the insured-defendants were fraudulently joined in order to defeat diversity in a suit between the injured party and the insured's insurance company. The *Romano* court explained that "[f]raudulent joinder is a legal term of art used to refer to the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction." 295 F. Supp. 3d at 312 (internal modifications omitted). However, *Romano* is devoid of any mention of, or analysis related to, required and necessary parties under Rule 19. The *Romano* court, in conducting its analysis of fraudulent joinder, cited several New York Appellate Division cases that found that insured parties were necessary to an action. *Id.* at 314-15. At bottom, as the question of Rule 19 joinder is one of federal law, *Romano's* analysis related to fraudulent joinder, which is a question of state law, is

7

inapplicable to the instant motion. *See id.* at 312 ("[T]he test of whether or not there has been fraudulent joinder is uniformly whether the plaintiff can establish a claim under state, not federal law."). And therefore, *Romano*'s holding that the insured parties were "not fraudulently joined and are necessary parties to this action that seeks a declaratory judgment against their alleged insurer" is irrelevant here. *Id.* at 315. The Court has no basis to find that Braha is a required party.

**II.     Morales**

As with the insured party, there is no basis for the Court to find that the injured party is a required joinder under Rule 19(a). On this point, the Court finds *Clarendon Nat'l Ins. Co. v. United Fire & Cas. Co.,* 2008 WL 1819915, persuasive. There, the lawsuit arose out of a dispute over coverage obligations for a car accident involving an employee of Arkansas Painting & Specialties, Inc ("APR"). *Id.* at *1. The car involved had been leased from McCormick Painting Company. *Id.* The plaintiff, McCormick's insurer, alleged that the defendant had issued both a primary policy and an excess policy to APR, and sought a declaratory judgment that both policies issued by defendant must be exhausted before plaintiff's policy was payable. *Id.* Defendant filed a motion to dismiss for failure to join two individuals who were passengers in another car and injured in the accident. *Id.* The Court held that the injured parties were not necessary to a declaratory judgment action between two insurers. *Id.* at *2-*3.

The *Clarendon* court reasoned that the injured parties' presence in the lawsuit had no bearing on whether complete relief could be afforded among the parties in the lawsuit—two insurers disputing coverage—because in connection with complete relief, "the focus under is on relief between the existing parties, not on the possibility of litigation between a party and a non-party." *Id*. at *2 n.20. Furthermore, the injured parties' "interest" in the declaratory judgment was only one of "convenience"—*i.e.*, "knowing from where to collect a potential judgment"—

8

and would not be impeded if the action were allowed to proceed without them. *Id.,* at *3. Lastly, there was no risk of "inconsistent obligations" if the injured parties were not joined. Inconsistent obligations "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Id.* at *3. The *Clarendon* court's rationale applies with equal force here and Defendant has not adduced any facts that would warrant a different outcome. Accordingly, Morales is not a required party.

### III. Live Nation Worldwide Inc.

Lastly, Defendant argues that Live Nation Worldwide Inc., a co-defendant in the Underlying Action, should also be joined as a necessary party because co-defendants have a right of contribution in a tort action in New York, and thus Live Nation Worldwide Inc. has "a substantial interest in this action." (Def.'s Reply 4 n.1; Def.'s Mem. 9-10.) Defendant's argument is completely conclusory and cites to no federal authority. The Court thus finds that Live Nation Worldwide Inc. is not a required party under Rule 19(a).

\*   \*   \*

Having found that Braha, Morales, and Live Nation Worldwide Inc. are not required parties under Rule 19(a), the Court need not determine, under Rule 19(b), whether the party is indispensable.[5] The Court has considered Defendant's remaining arguments and finds them meritless.

---

[5] Even if the Court were to find that Braha or Morales were required parties, they would not be found to be indispensable under Rule 19(b). *See Wyoming Cty., New York v. Ins. Co. of N. Am.*, 518 F.2d 23, 27 n.6 (2d Cir. 1975) (noting that insured and injured parties were dropped from the action by the district court as not indispensable parties to preserve diversity jurisdiction); *Home Ins. Co. v. Liberty Mut. Ins. Co.*, 678 F. Supp. 1066, 1070 (S.D.N.Y. 1988) ("[T]his Circuit has held that in suits between insurers concerning respective liabilities, the insured is not an indispensable party." (citing *Wyoming,* 518 F.2d at 23)).

9

## CONCLUSION

For the foregoing reasons, Defendant's motion to join required parties or dismiss the complaint is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      November 12, 2020

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge